JOLLY v. BROWN et al.   (No. 1069.)

(Court of Civil Appeals of Texas. Amarillo.
Oct. 11, 1916.)

APPEAL AND ERROR ⬤⟿407(1) — PERFECTING
WRIT OF ERROR—CITATION—STATUTES.

Under Rev. St. art. 2099, providing that
the jurisdiction of the appellate court at-
taches upon the filing of the petition and bond
for writ of error, and article 2095, providing
for service on the attorney of record, the serv-
ice of citation on a writ of error upon the at-
torney of parties not found in the county was
sufficient, and, in the absence of any statutory
provision for service, and where the defendant
dies after the petition and bond are filed and
before service, and there is no necessity for
administration, alias citation served on the
guardian of his infant heirs in another county
is sufficient.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2120, 2128, 2129, 2131,
2132; Dec. Dig. ⬤⟿407(1).]

Error from District Court, Foard County;
J. A. Nabers, Judge.

Action for injunction by J. J. Brown
against W. L. Powers and others, in which
W. L. Jolly filed a plea of intervention, and
in which T. N. Sparks and others also filed a
plea of intervention. Judgment for plaintiff
against the original defendants and against
defendant and intervener Jolly, and judgment
for interveners Sparks and others against in-
tervener Jolly, and Jolly brings error. Mo-
tion to dismiss writ of error overruled.

D. J. Brookreson, of Benjamin, for plaintiff
in error. G. W. Walthall and R. P. Brindley,
both of Crowell, for defendants in error.

HUFF, C. J. The defendants in error
Brown, Shelton and wife, R. E. Sparks, and
M. J. Sparks, file a motion to dismiss the writ
of error herein, on the ground, among other
things, that there was no service had on T. N.
Sparks and J. D. and Mattie Woods.

J. J. Brown instituted in the district court
of Foard county, Tex., a suit to enjoin W. L.
Powers, P. O. Williams, and —— Williams,
from trespassing on certain lands on April
24, 1914. On November 12th thereafter the
above-named defendants filed their amended
answer in lieu of the answer theretofore
filed. On November 13th W. L. Jolly filed his
amended plea of intervention, in lieu of this
plea theretofore filed, the date of which filing
is not given, setting up that he had pur-
chased the land during the pendency of the
suit, adopting the answers of the defendants
in the original suit, and setting out other
matters. October 20, 1914, T. N. Sparks, J.
F. Sparks, R. E. Sparks, M. J. Sparks, Minnie
Shelton, joined by her husband, J. W. Shel-
ton, and Mattie Woods, joined by her hus-
band, J. D. Woods, filed also a plea of inter-
vention, attacking the rights of the defend-
ants in the original suit, and that of the in-
tervener W. L. Jolly. It appears from the
judgment Brown, who brought the suit, re-
covered $1, nominal damages against the

original defendants, and obtained the decree
perpetuating the injunction against defend-
ant and intervener, and also that Jolly re-
covered nothing. T. N. Sparks and the others
named in their plea of intervention recovered
the land from W. L. Jolly, the plaintiff in
error herein. This judgment was rendered
April 3, 1915.

[1, 2] Jolly filed his petition for writ of
error against all parties, together with his
bond therefor, April 3, 1916. Citation was
issued on that day, which was served on all
parties April 7, 1916, except Mattie Woods,
J. D. Woods, W. L. Powers, P. O. Williams,
and R. T. Williams, not found in Foard coun-
ty, according to the return of the sheriff. T.
M. Parks, deceased, also returned not found.

On April 17, 1916, alias citation was issued,
commanding the sheriff to summon T. N.
Sparks, Mattie Woods, and her husband, J.
D. Woods, by making service upon G. W.
Walthall, their attorney of record, and M. L.
Powers, P. O. Williams, by making service on
R. P. Brindley, their attorney of record. The
return of the sheriff thereon shows service
on G. W. Walthall, attorney of record for
Sparks, Woods, and wife, on April 17, 1916,
and R. P. Brindley, attorney of record for
Powers and the two Williams, on the same
day. On June 15, 1916, plaintiff in error
filed a supplemental petition for writ of error
brought up by a supplemental transcript, set-
ting out the fact that T. N. Sparks was at-
tending court at Crowell, Foard county, on
the 3d day of April, 1916, wherein the peti-
tion and bond for writ of error were filed.
The citation was issued and delivered to the
sheriff on that day, who did not get service
on Sparks, and that on the 4th day of April,
1916, T. N. Sparks was killed in an affray;
that he died intestate, leaving four children,
who were named; that his brother, R. E.
Sparks, was appointed guardian of the per-
son and estate of the children; that the chil-
dren were the heirs, and the only heirs, of
T. E. Sparks. Citation was issued thereupon
to Foard county to serve the children and the
guardian, R. E. Sparks, who was alleged
therein to be temporarily in Foard county.
Citation was issued on the 16th and served
on the same day on the children, the sheriff
returning that R. E. Sparks was not found in
the county. Alias citation was issued June
19, 1916, to Tarrant county, Tex., to serve R.
E. Sparks as guardian; the petition having
alleged that county as his place of residence.
This was served on him June 27, 1916. The
original transcript was filed in this court
July 2 and the supplemental July 5, 1916.
It appears from the record that G. W. Walt-
hall was the attorney of record for Mattie
and J. D. Woods, and that they were not
found in the county. Service on the attorney
was sufficient in this case. Article 2095, R.
C. S. The jurisdiction of the appellate court
attached upon the filing of the petition and

bond for writ of error. Article 2099, R. C. S. It appears that there is no statutory provision for service where after the petition and bond are filed and before service is had the defendant therein dies. It would seem to be a just rule after the jurisdiction of the appellate court attaches that service on the heirs should be sufficient where it is shown there is no necessity for administration. This is the holding in the case of Binyon v. Smith, 50 Tex. Civ. App. 398, 112 S. W. 138. We believe that plaintiff in error has complied with the rule there announced.

The defendants' other two grounds cannot properly be considered on this motion, but should be presented on consideration of the merits of the appeal.

The motion to dismiss is overruled.